CHARLES P. BURDETT AND SAMUEL G. POND, RESPOND-ENTS, *v.* EDWARD R. LOWE AND THOMAS E. BISHOP, APPELLANTS.

*Sureties to an undertaking given on an appeal to the Court of Appeals—when they are liable for all the costs of the action—Code of Civil Procedure, §§ 191, 194.*

Where, upon an appeal to the Court of Appeals from an order granting a new trial, the court affirms the order, and renders a judgment absolute in favor of the respondents, in pursuance of section 194 of the Code of Civil Procedure, the sureties upon the undertaking, given by the appellants, are liable for all the costs in the action, and not simply for those incurred by the appeal to the Court of Appeals.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of the jury. The action was brought upon an undertaking given on an appeal to the Court of Appeals, from an order granting a new trial. The judgment was for the costs incurred generally on the order, and was not limited to those on the appeal to the Court of Appeals.

*E. D. McCarthy,* for the appellants.

*J. E. Burrill,* for the respondents.

BRADY, J.:

It appears in this case that John Harris and L. W. Jones sued the respondents in the Superior Court, and obtained a verdict in their favor. It further appears that a motion for a new trial having been made and denied, Burdett and Pond, the respondents, took an appeal to the General Term of that court, and that it resulted in a reversal of the judgment, and in the granting of a new trial. It also appears that Harris and Jones, without proceeding to a new trial, appealed to the Court of Appeals, and gave the stipula-

tion required by section 11 of the Code of Procedure, which was then in force, to the effect that in case the order so appealed from should be affirmed, judgment absolute should be rendered against them in that action, and they gave, in connection with their appeal, the undertaking required by law, which provided that the defendants herein, who were the sureties, should pay all costs and damages which might be awarded against the appellants, not exceeding $500. It further appears that the Court of Appeals, in the proceedings thus mentioned, ordered and adjudged that the judgment of the General Term should be affirmed, and judgment absolute was ordered for the defendants (the respondents), on the stipulations already mentioned. Section 191 of the Code of Civil Procedure contains a provision similar to that mentioned as part of section 11 of the Code of Procedure, declaring that an appeal cannot be taken from an order granting a new trial, unless the notice of appeal contains an assent on the part of the appellant that, if the order is affirmed, judgment absolute shall be rendered against him. This section was in force at the time the judgment of the Court of Appeals was rendered.

Section 194 of the Code of Civil Procedure also provides that, if upon an appeal from an order granting a new trial, the Court of Appeals determines that no error was committed in granting a new trial, it must render judgment absolute upon the right of the appellant; and after its judgment has been remitted to the court below, an assessment of damages or any other proceeding requisite to render the judgment effectual, may be had in the latter court. Under these circumstances, and in view of the sections of the Code detailed, the question arises whether the defendants, upon the undertaking, are liable for the costs in the cause generally, to the extent of their undertaking, or are liable only for the costs incurred upon the appeal to the Court of Appeals.

Inasmuch as it appears that the undertaking was to pay all costs which might be awarded against them on the appeal, and it became the duty of the court, having arrived at the conclusion that the appeal was not well taken, to render judgment absolute, and having rendered such a judgment, it follows that the judgment applies to all the costs in the action.

The provision is peculiar, relating as it does to appeals from judgments granting new trials and calling for an absolute judgment of the court of last resort, which is to be remitted, as we have seen, to the court below, for the adoption of any proceedings requisite to render the judgment effectual. The form of the judgment of the Court of Appeals being "with costs" and not "with costs of the appeal," there can be little doubt, from the absolute character of the judgment itself, and from the provision of the statute requiring it to be remitted, as already suggested, to make the judgment effectual, that it embraces all the costs in the action, and that they can be recovered from the sureties if not in excess of the amount of the undertaking.

The question is one of interpretation, and that which is thus declared is one which is regarded as in harmony with the design of the legislature in adopting the peculiar provisions recited, and reflection does not suggest any good reason why this view should not be carried out. It is a part of the penalty imposed upon the appellant who shall decline to proceed with a new trial in accordance with the judgment of an intermediate court, rendered on appeal to its powers of review.

For these reasons, we think the judgment in this case should be affirmed.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BRADY, J.

Judgment affirmed.